LEAH CAMPBELL, ESQ. (*pro hac vice*)
ALLISON M. WUERTZ, ESQ.
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
212.940.8800 (p)
212.940.8776 (f)

*Attorneys for Plaintiff Volvo Financial Services, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Volvo Financial Services, LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>Financiera TFC S.A., LFLP Holdings, LLC, & Manuel Ignacio Vivanco Velando,<br><br>    Defendants. | Civil Action No. 12 CV 05609 (WHW)(CLW) |

**VOLVO FINANCIAL SERVICES, LLC'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................. iii

**PRELIMINARY STATEMENT** .........................................................................................1

**STATEMENT OF FACTS** ..................................................................................................1

**ARGUMENT**........................................................................................................................3

      A.     The Arbitration Clause In The Stock Purchase Agreement
            Does Not Bind VFS ..........................................................................................3

      B.     Defendants Are Subject To Personal Jurisdiction In New Jersey............................4

      C.     Defendants Have No Excuse For Their Failure To Meet The
            Notice Requirements.........................................................................................5

      D.     VFS Is And Continues To Be Prejudiced By Defendants' Delays ........................6

**CONCLUSION** ....................................................................................................................6

## TABLE OF AUTHORITIES

**Federal Cases**

*E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*,
    269 F.3d 187 (3d Cir. 2001)...................................................................................4

*Kaplan v. First Options of Chicago, Inc.*,
    19 F.3d 1502 (3d Cir. 1994)...................................................................................4

*Miller Yacht Sales, Inc. v. Smith*,
    384 F.3d 93 (3d Cir. 2004)....................................................................................5

*Panella v. O'Brien*,
    Civ. No. 05-1790(WHW), 2006 WL 2466858 (D.N.J. Aug. 24, 2006) ..............................5

*Popovitch & Popovitch LLC v. Evanston Ins. Co.*,
    Civil Action No. 07-2225, 2009 WL 2568090 (D.N.J. Aug. 17, 2009) ............................6

*Rothstein v. Harstad*,
    Civ. No. 2:10-01421 (WHW), 2010 WL 3259789 (D.N.J. Aug. 17, 2010) ........................5

*Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*,
    5 F.3d 28 (3d Cir. 1993).......................................................................................5

**State Cases**

*Mantilla v. NC Mall Assocs.*,
    167 N.J. 262, 770 A.2d 1144 (N.J. 2001) ..............................................................5

*Zuckerman v. National Union Fire Ins. Co.*,
    100 N.J. 304, 495 A.2d 395 (N.J. 1985) ...............................................................6

**Federal Rule**

Fed. R. of Civ. P. 4(e) .........................................................................................4, 5

**State Rule**

N.J. Ct. R. 4:4-4(c)..............................................................................................5

Volvo Financial Services, LLC ("VFS") respectfully submits this reply memorandum of law in further support of its motion for entry of final default judgment ("Final Default Motion") as to Financiera TFC S.A. ("Financiera TFC"), LFLP Holdings, LLC ("LFLP"), and Manuel Ignacio Vivanco Velando ("Sr. Vivanco," and, together with Financiera TFC and LFLP, the "Defendants").

## PRELIMINARY STATEMENT

Defendants oppose an entry of final default judgment, arguing that default would be inappropriate because they have "meritorious defenses" to VFS's claim for declaratory relief. (Opp. at 11-12.)[1]  Defendants' proffered defenses, however, fail.  To begin, Defendants seek to compel arbitration under an agreement to which VFS is not a party.  Then, contrary to the plain language of the contract to which VFS *actually is a party*, the Defendants object to being subject to personal jurisdiction in New Jersey, relying on a forum selection clause that waives such objections.  Most importantly, as to the merits of this action for declaratory judgment, Defendants cannot deny that they failed to meet the condition precedent to indemnification in the contract to which VFS is a party.  None of Defendants' purported defenses is viable, and a final default judgment granting Plaintiff's request for declaratory relief should be entered against Financiera TFC, LFLP, and Sr. Vivanco.

## STATEMENT OF FACTS

VFS is a New Jersey limited liability company with its principal place of business located in Greensboro, North Carolina.  (Compl. at ¶ 2.)[2]  Volvo Finance Peru S.A. ("VOFISA"),[3] now

---

[1]    References preceded by "Opp." refer to Defendants' response in opposition to the Final Default Motion, filed January 15, 2013.  (Dkt. No. 19.)

[2]    References preceded by "Compl." refer to VFS's Verified Complaint for Declaratory Relief, filed September 10, 2012.  (Dkt. No. 1.)

[3]    For the convenience of the Court, and consistent with VFS's Complaint, VFS will refer to "Financiera TFC" as "VOFISA" in the Statement of Facts.

known as Financiera TFC, was formerly a subsidiary of Volvo Truck Finance Holdings BV ("Truck Finance"). (Compl. at ¶¶ 3, 9.) In May of 2005, Truck Finance sold VOFISA to LFLP and Sr. Vivanco, in an agreement executed on or about May 25, 2005 (the "Stock Purchase Agreement"). (Compl. at ¶ 10.)

Although VFS was not a party to the Stock Purchase Agreement between Truck Finance and the purchasers, VFS did agree to act as a limited indemnitor for certain defined liabilities of VOFISA if the conditions for indemnity were met. (Compl. at ¶¶ 11, 12.) The nature and scope of these limited liabilities were set forth in a separately executed agreement, dated January 20, 2006 (the "Comfort Letter"). (Compl. at ¶ 12 & Ex. A.) The Comfort Letter provided that VFS would indemnify VOFISA for certain specifically enumerated tax, labor, and commercial liabilities. (Compl. at Ex. A.) Because VFS had no other relation to VOFISA or presence in Peru, where VOFISA is domiciled, VFS required that the indemnity would be provided only if VFS receives notice of such liabilities within 24 hours. (Compl. at Ex. A.)

The Comfort Letter contained a clause selecting New Jersey as the governing law and jurisdiction for disputes between Defendants and VFS arising from VFS's limited obligations under the Comfort Letter. (Compl. at Ex. A.)

This lawsuit stems from VOFISA's demand for indemnification for an administrative claim by the superintendent of tax administration in Peru ("SUNAT") against VOFISA. (Compl. at ¶ 19.) SUNAT filed an action against VOFISA in the Sexto Juzgado Permanente Especializado en lo Contencioso Administrativo de Lima (the "Judicial Court"), and VOFISA received notice of this judicial proceeding (the "2012 Proceeding") on January 30, 2012. (Compl. at ¶¶ 20, 21 & Ex. B.)

2

VOFISA did not notify VFS of the 2012 Proceeding within 24 hours of VOFISA's receipt of notice of the case.  VFS learned of the 2012 Proceeding much later, in April of 2012, at which time it initiated discussions with VOFISA about the action.  (Compl. at ¶ 24.)  Over the course of several letters throughout May and June of 2012, Defendants affirmed that they intended to apply for indemnity from VFS in connection with the 2012 Proceeding even though Defendants failed to provide notice and had actually defaulted in that case.  (Compl. at ¶¶ 24-29.)  Defendant Sr. Vivanco represented VOFISA during those discussions.

Following those discussions and the evident failure to reach a resolution on its indemnity obligations, VFS served Defendant LFLP a copy of the Summons and Complaint on September 14, 2012.  The remaining Defendants were served on October 29, 2012.  Having no response to the Summons and Complaint, the Clerk of the Court entered a default against LFLP for a failure to plead or otherwise defend on November 17, 2012.  On November 27, 2012, the Clerk of the Court entered defaults against Financiera TFC and Sr. Vivanco.  On January 7, 2013, VFS filed the Final Default Motion.

## ARGUMENT

In Opposition to VFS's Final Default Motion, the Defendants argue that VFS will not be prejudiced by denying the Final Default Motion, and that Defendants have meritorious defenses to this action.  Neither argument should be sustained.

### A.      The Arbitration Clause In The Stock Purchase Agreement Does Not Bind VFS.

Truck Finance is a corporate entity separate and independent of VFS, and conducts the relevant portion of its business in entirely separate countries than VFS.  (Compl. at ¶ 2.)  Truck Finance and VFS are both related to the same parent company, Volvo Group.  (Compl. at ¶ 9.)  Truck Finance sold VOFISA to Defendants by executing the Stock Purchase Agreement.

(Compl. at ¶ 10.)  VFS was not a party to Truck Finance's sale of VOFISA in Peru.  Separately, VFS agreed to indemnify certain limited liabilities of the sold company.  (Compl. at ¶ 12 & Ex. A.)  This agreement was memorialized in a separately executed letter agreement, the Comfort Letter.  (Compl. at Ex. A.)

It is well established that a non-signatory cannot be bound by an arbitration clause in a contract it did not sign, even where the contract the party did sign and the contract containing the arbitration clause were part of a series of contracts in a larger transaction.  *See generally Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1502 (3d Cir. 1994) (finding non-signatories were not bound by an arbitration clause, even where the contract they did sign and the contract containing the arbitration clause were part of a series of contracts); *see also E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 194 (3d Cir. 2001) ("[A] non-signatory cannot be bound to arbitrate unless it is bound under traditional principles of contract and agency law to be akin to a signatory of an underlying agreement.").

VFS took no benefit from the Stock Purchase Agreement, and was in all material ways a stranger to that contract.  Instead, VFS's relationship with VOFISA is limited to and governed by an entirely different document, the Comfort Letter.  (Compl. at Ex. A.)  That document contains an entirely separate forum selection clause crafted to meet the circumstances of the indemnity obligations set forth in that letter.  (Compl. at Ex. A.)  It would be unjust and inefficient to subject VFS to an arbitration clause it did not negotiate or anticipate, and to which it did not consent.  Defendants cannot enforce the arbitration clause in the Stock Purchase Agreement as a defense in this action.

**B.      Defendants Are Subject To Personal Jurisdiction In New Jersey.**

Under Federal Rule of Civil Procedure 4(e), this Court has personal jurisdiction over a non-resident defendant "to the extent authorized under the law of the forum state in which the

district court sits." *Rothstein v. Harstad*, Civ. No. 2:10-01421 (WHW), 2010 WL 3259789, at *1 (D.N.J. Aug. 17, 2010) (quoting *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 31 (3d Cir. 1993)).  New Jersey law permits its courts to exercise personal jurisdiction over parties to the extent it is consistent with the due process requirements of the United States Constitution. *See* N.J. Ct. R. 4:4-4(c); s*ee also Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) ("A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." (citing Fed. R. Civ. P. 4(e))).

By admitting that they are bound by the New Jersey choice-of-law and jurisdiction clause in the Comfort Letter, Defendants consented to personal jurisdiction in New Jersey.  *See Panella v. O'Brien*, Civ. No. 05-1790(WHW), 2006 WL 2466858, at *4 (D.N.J. Aug. 24, 2006) ("The choice of law provision gave defendants reasonable notice of being haled into a New Jersey Court and defendants should have foreseen that they might have to defend their conduct in New Jersey.").  Defendants cannot maintain that VFS's lawsuit would have been proper if brought in a New Jersey state court based on a forum-selection clause while simultaneously denying that they are subject to personal jurisdiction in New Jersey federal court.  Defendants are properly before this Court.

C.    **Defendants Have No Excuse For Their Failure To Meet The Notice Requirements.**

Defendants do not dispute that SUNAT filed a new action, the 2012 Proceeding, against VOFISA in court in Peru.  Nor do they dispute that they received written notice of that new case. Instead, Defendants seem to insist that VFS, located in the United States and well away from VOFISA's day to day operations, was on some form of constructive notice of the 2012 Proceeding.  Under New Jersey law, "indemnification agreements warrant strict construction." *Mantilla v. NC Mall Assocs.*, 167 N.J. 262, 269, 770 A.2d 1144, 1148 (N.J. 2001).  The 24-hour

5

notice requirement was drafted to ensure against this very type of event, and Defendants' assertion of constructive notice many months after SUNAT served the 2012 Proceeding on VOFISA is no defense to this action. *See Popovitch & Popovitch LLC v. Evanston Ins. Co.*, Civil Action No. 07-2225, 2009 WL 2568090, at *8 (D.N.J. Aug. 17, 2009) ("[B]ecause [plaintiff] did not comply with the notice requirements of the policy, this fatal omission compels the Court to conclude that Defendant's Motion for Summary Judgment should be granted as a matter of law."); *Zuckerman v. National Union Fire Ins. Co.*, 100 N.J. 304, 323-24, 495 A.2d 395, 405-06 (N.J. 1985) (holding that when a notice provision of a claims-made policy is breached and notice is not provided to the insurance company, a showing of prejudice is not required).

### D.   VFS Is And Continues To Be Prejudiced By Defendants' Delays.

This dispute arose because Defendants failed to give VFS notice of the 2012 Proceeding for more than 90 days. Indeed, by the time Defendants finally notified VFS of the 2012 Proceeding, the court supervising that case in Peru had put VOFISA into default for failing to respond. Now, Defendants continue their patterns of inaction, and LFLP complains that, although it had the Summons and Complaint since September of 2012, it did not begin reviewing it until this Court began default proceedings in December of last year.

An indemnitee owes a unique duty to the indemnitor. Nothing in the Defendants' conduct suggests that they take the legal process seriously. Plaintiff is entitled to default judgment and declaratory relief to protect itself from Defendants' continued neglect.

### CONCLUSION

For the reasons set forth above and in all the proceedings in this action, VFS respectfully requests that this Court grant its motion for entry of final default judgment.

Dated: New York, New York
   January 28, 2013

Respectfully submitted,

KATTEN MUCHIN ROSENMAN LLP

By:  /s/ Allison M. Wuertz

Allison M. Wuertz
allison.wuertz@kattenlaw.com
Leah Campbell
leah.campbell@kattenlaw.com

575 Madison Avenue
New York, NY 10022-2585
212.940.8800 (p)
212-940-8776 (f)

## <u>CERTIFICATE OF SERVICE</u>

I, Allison M. Wuertz, an attorney admitted to practice in the State of New Jersey and associated with the law firm of Katten Muchin Rosenman LLP, hereby certify that on January 28, 2013, I caused service of  Volvo Financial Services, LLC's Reply Memorandum in Further Support of Its Motion for Entry of Final Default Judgment, made by electronic filing with the Clerk of the Court using the CM/ECF System, which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have appeared and consent to electronic service in this action.

Dated:          January 28, 2013
                New York, New York

                                        /s/ Allison M. Wuertz
                                        Allison M. Wuertz