NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VOLVO FINANCIAL SERVICES, LLC, : | |
| : | |
| Plaintiff, : | **OPINION** |
| : | |
| v. : | Civ. No. 12-cv-05609 |
| : | |
| FINANCIERA TFC S.A., LFLP : | |
| HOLDINGS, LLC, and MANUEL IGNACIO : | |
| VIVANCO VELANDO, : | |
| : | |
| Defendants. : | |

**Walls, Senior District Judge**

Plaintiff Volvo Financial Services, LLC ("Plaintiff") moves for default judgment against Defendants Financiera TFC S.A., LFLP Holdings, LLC, and Manuel Ignacio Vivanco Velando ("Defendants"). Defendants cross-move to set aside default and dismiss the Complaint. Under Federal Rule of Civil Procedure 78, these motions are decided without oral argument. Plaintiff's motion for default judgment is denied and Defendants' motion to dismiss is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Volvo Financial Services ("VFS") is a New Jersey limited liability company, with its principal place of business in Greensboro, North Carolina. Compl. ¶ 2. Defendant Financiera TFS, S.A. ("TFC") is organized under the laws of Peru, with its principal place of business in Lima, Peru. *Id.* ¶ 3. Defendant LFLP Holdings, LLC ("LFLP") is a limited liability company that is organized under the laws of Florida. *Id.* ¶ 4. LFLP owns 93% of the capital stock in TFC. *Id.* Defendant Manuel Ignacio Vivanco Velando ("Sr. Vivanco") is a citizen of Peru. Sr.

1

Vivanco owns 7% of the capital stock of TFC. *Id. ¶ 5*. In this action Plaintiff VFS seeks a declaration that it has no duty to indemnify, defend, or reimburse TFC, LFLP, or Sr. Vivanco with respect to a lawsuit now pending in the judicial court in Lima, Peru, *Sexto Juzgado Permanente Especializado en lo Contencioso Administrativo de Lima*, Case Number 192-2012. *Id. ¶ 8*.

On November 14, 2012, VFS requested default as to Defendant LFLP Holdings. ECF No. 11. On November 27, 2012, VFS requested default as to Defendant TFC. ECF No. 14. On January 7, 2013, Plaintiffs filed the present motion for default judgment as to all defendants. ECF No. 15. On January 10, 2013, Defendants filed a motion to set aside default and dismiss the complaint alleging improper service, lack of personal jurisdiction, and, in the alternative requesting this Court set aside default because of meritorious defenses to Plaintiffs' allegations. ECF No. 17.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The power to grant default judgment "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted). Because the entry of default prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Accordingly, the Third Circuit has clarified that, while "the entry of a default judgment is left primarily to the discretion of the district court," this "discretion

is not without limits," and cases should be "disposed of on the merits whenever practicable." *Hritz* at 1181 (citations omitted); *see also $55,518.05 in U.S. Currency*, 728 F.2d at 194-95.

Before entering a default judgment as to the party "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, LLC.*, No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008).

Under Federal Rule of Civil Procedure 4(e), "district courts have personal jurisdiction over non-resident defendants to the extent authorized under the law of the forum state in which the district court sits." *See Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 31 (3d Cir. 1993). New Jersey's long arm statute provides for personal jurisdiction as far as is permitted by the Fourteenth Amendment to the United States Constitution. *See* N.J. Ct. R. 4:4-4; *Carteret Savings Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992); *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 284 (3d Cir. 1981). The question of whether this Court has jurisdiction over the defendant is determined by federal constitutional law. *See Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 1990).

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235 (1958)). It is the burden of the plaintiff to prove that the defendant has purposefully availed himself of the forum state. *See Burke v. Quartey*, 969 F. Supp. 921, 924 (D.N.J. 1997). When personal jurisdiction is established through a forum selection clause, the "minimum contacts analysis is inappropriate [and i]nstead, the court must consider the validity and effect of

3

the forum selection clause in order to determine if there has been a consent to in personam jurisdiction." *Provident Mutual Life Ins. Co. of Phila. v. Bickerstaff*, 818 F.Supp. 116, 118 (E.D.Pa. 1993) (citing *Burger King Corp.* at 475). "In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal law." *Jumara v. State Farm*, 55 F.3d 873, 877 (3d Cir. 1995). "Under federal law, forum selection clauses are *prima facie* valid and enforced unless the party challenging such a clause can 'clearly show that enforcement would be unreasonable and unjust.'" *De Lage Landen Fin. Servs., Inc. v. Mid-Am. Healthcare LP*, CIVA08CV1264 (MMB), 2008 WL 3889996, at * 3 (E.D. Pa. Aug. 20, 2008) (quoting *BABN Tech. Corp. v. Bruno,* 25 F. Supp. 2d 593, 595 (E.D.Pa.1998)).

## DISCUSSION

In their motion to dismiss, Defendants challenge this Court's personal jurisdiction. Mot to Dismiss, 20. Defendants acknowledge the presence of a forum selection clause in the Comfort Letter provided by VFS to TFC, but argue it does not establish personal jurisdiction over them in federal court. *Id.* Neither side claims that aside from the forum selection clause Defendants have established sufficient contacts with New Jersey to warrant the exercise of personal jurisdiction. The forum selection clause provides:

> This document shall be governed by and construed in accordance with the laws of New Jersey, and any difference or discrepancy arising between us and you in regard to the execution, interpretation, and/or performance hereof, which cannot be settled by mutual agreement, *shall be submitted to the jurisdiction of the judges and courts of the State of New Jersey, United States of America.*

Compl. Ex. A (emphasis added).

In response, Plaintiff relies solely on the forum selection clause as the basis of personal jurisdiction over Defendants. Opp. Mot. to Dismiss, 11. Plaintiff argues Defendants' submission to "the jurisdiction of the judges and courts of the State of New Jersey" includes submission to both state and federal courts found in New Jersey. *Id.*, 11-12. Plaintiff is incorrect.

In a case substantially similar to this one, the Third Circuit definitively settled the question of whether a forum selection clause pertaining to the "courts of the State of New Jersey" includes federal district courts. *New Jersey v. Merril Lynch & Co.*, 640 F.3d 545, 548-49 (3d Cir. 2011). In *Merril Lynch*, the forum selection clause dictated "exclusive jurisdiction . . . shall lie in the appropriate courts of the State [of] New Jersey." *Id.* at 548. The court examined the first use of the word "of" and concluded that "'*of* [a state]' connote[s] sovereignty, limiting jurisdiction . . . to the state courts of the named state." *Id.* at 549 (quoting *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d. 752, 755 (4th Cir. 2010) (emphasis in original)). Here, the forum selection clause establishes suit "shall be submitted to the jurisdiction of the judges and courts *of* the State of New Jersey" (emphasis added). It follows that Defendants only agree to submit to the jurisdiction of New Jersey State courts and not federal courts. This Court does not have personal jurisdiction over the matter.

## CONCLUSION

Plaintiff's motion for default judgment is denied. Defendants' motion to dismiss is granted.

July 16, 2013

**s/ William H. Walls**
United States Senior District Judge
